# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
              Plaintiff, ) Case No. 2:11-cr-00277-PMP-CWH
vs. ) **ORDER**
GILBERT COOPER, )
              Defendant. )

This matter is before the Court on Defendant's Sealed *Ex Parte* Application, Points and Authorities, and Affidavit in Support of an Order for the Issuance of a Subpoena Pursuant to Federal Rules of Criminal Procedure 17(b) and 17(c) and for Service of Subpoena by the U.S. Marshal (#17), filed January 25, 2012.

## BACKGROUND

Defendant Cooper is charged was charged in an Indictment returned on July 27, 2011, with one count of social security fraud in violation of 42 U.S.C. § 408(a)(4). It is alleged that Cooper "intentionally concealed and failed to disclose that he was employed and that he was receiving income, thereby obtaining approximately $102,148.10 in SSA disability benefits to which he was not entitled." (#1). By way of the motion currently before the Court, Defendant requests the issuance of a subpoena *duces tecum* and early production of documents pursuant to Rule 17(c).

## DISCUSSION

The standards governing the issuance of subpoenas *duces tecum* under Fed. R. Crim. P. 17(c) were analyzed recently in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Rule 17, in pertinent part, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their

attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Courts have discretion to direct that a subpoena *duces tecum* be made returnable before trial.[1] Nevertheless, the law is clear that Rule 17 is not a discovery device. *See e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974); *see also Sellers*, 275 F.R.D. at 622-23 (collecting cases). As noted in *Sellers*, "Leave of court is required for a pretrial subpoena *duces tecum*." *Id.* at 623 (citation omitted). The Supreme Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

The moving party bears the burden of showing good cause for the requested pretrial production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a fishing expedition. *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. The moving party must "show the evidentiary nature of the requested materials ...."

---

[1] The issuance of subpoenas returnable at trial for those who are unable to pay for them is governed by Fed. R. Crim. P. 17(a). Rule 17(b) describes the procedure for defendants unable to pay the requisite witness fees. Rule 17(b) also permits an *ex parte* application requesting the issuance of subpoenas. Courts authorize the issuance of a subpoena to a defendant who is unable to pay "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). "Although prior judicial authorization is required, the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *Sellers*. 275 F.R.D. at 622 (citing *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995)).

*United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *Sellers*, 275 F.R.D. at 623-24 (citations omitted). Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id.* (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). Requiring specificity also protects against Rule 17(c) subpoenas being used improperly to engage in fishing expeditions. *Id*. (citation omitted).

The court in *Sellers* also addressed the issue of whether Rule 17(c) allows for an *ex parte* application for pretrial production by indigent defendants. Contrary to Rule 17(b), the language of Rule 17(c) does not expressly allow for pretrial production by an indigent defendant. As noted in *Sellers*, "[c]ourts are split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not ruled on the issue." *Id*. at 624-25 (collecting cases). This Court agrees with the conclusion in *Sellers* that an indigent defendant should be permitted to make an *ex parte* application under Rule 17(c) under limited circumstances, "such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's strategy; or where a constitutional interest of a defendant is implicated." *Id*. at 625; *see also Reyes*, 162 F.R.D. at 470 (noting the strong policy reasons in favor of an *ex parte* procedure). This Court further agrees that allowing for an *ex parte* application for a Rule 17(c) subpoena *duces tecum* does not entitle the defendant to strategic advantage or tactical surprise. Rule 17(c)(1) is clear that "[t]he court may direct the witness to produce the designated items in court before trial or before they are offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1).

The Court has reviewed the *ex parte* application for a Rule 17(c) subpoena *duces tecum* in this case and finds that Defendant Cooper has satisfied the *Iozia* test and cleared the hurdles of relevancy, admissibility, and specificity. *See Nixon*, 418 U.S. at 700. The Court further finds that

the application was properly made *ex parte* and shall remain sealed to protect the mental impressions and trial strategy of defense counsel. However, because the application justifies the need for pretrial production of the documents requested, the Court, pursuant to Rule 17(c)(1) will require the witness to produce the designated items to the Clerk of Court. Upon receipt, the Clerk shall inform counsel for both parties that the documents are available and permit both parties to inspect them.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Sealed *Ex Parte* Application, Points and Authorities, and Affidavit in Support of an Order for the Issuance of a Subpoena Pursuant to Federal Rules of Criminal Procedure 17(b) and 17(c) and for Service of Subpoena by the U.S. Marshal (#17) is **granted**. The motion shall remain under seal.

**IT IS FURTHER ORDERED** that the witness shall produce and provide documents responsive to the subpoena no later than **February 24, 2012**, along with a copy of this Order to:

Clerk of Court, United States District Court for the District of Nevada
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101.

**IT IS FURTHER ORDERED** that upon receipt of the responsive documents, the Clerk of Court shall notify both parties that the documents are available for inspection and copying.

**IT IS FURTHER ORDERED** that the cost of process, fees, and expenses for the witness shall be paid as if subpoenaed on behalf of the government, the Court being satisfied that Defendant Cooper is indigent and the witness necessary to an adequate defense.

**IT IS FURTHER ORDERED** that Defendant's counsel shall serve a copy of this Order along with the subpoena.

DATED this 3rd day of February , 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge